UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN POWELL | * | CIVIL ACTION NO. 11-2860 |
| Plaintiff | * | |
| | * | SECTION: H |
| | * | JUDGE JANE TRICHE MILAZZO |
| VERSUS | * | |
| | * | |
| | * | MAGISTRATE: 2 |
| NEW ORLEANS CITY, ET AL | * | MAG. JOSEPH C. WILKINSON, JR. |
| | * | |
| Defendants | * | |
| | * | |

## ORDER AND REASONS

The matter before the Court is a Motion to Dismiss filed by the City of New Orleans. (Doc. 14.) For the following reasons the Motion is GRANTED.

## BACKGROUND

On November 18, 2011 Plaintiff filed a Complaint against American Traffic Solutions, Inc. and the City of New Orleans. (Doc. 1.) Plaintiff challenges the constitutionality of the Automated Traffic Enforcement System. (*Id.*)

-1-

On March 19, 2012 the Court issued an Order to Show Cause to Plaintiff. (Doc. 5.) Specifically, the Court highlighted that more than 120 days had passed since the filing of the Complaint and that service on the Defendants had not been made. (*Id.*) Plaintiff was directed to show cause before March 28, 2012. (*Id.*) On April 18, 2012 Plaintiff responded by requesting the Court to allow his suit to proceed. (Doc. 8.)

On April 20, 2012 the Court issued a Final Notice to Show Cause to Plaintiff. (Doc. 9.) Plaintiff was directed to show good cause in writing by May 28, 2012 as to why service of process had not been effected on Defendants. (*Id.*) The Court held that no further extensions will be given. (*Id.*)

Summons for the Defendants was returned executed on May 17, 2012. (Docs. 12, 13.) The Summons revealed that the Plaintiff himself served the Summons. (*Id.*)

On May 21, 2012 the City of New Orleans filed a Motion to Dismiss. (Doc. 14.) The City of New Orleans argued several grounds for dismissal - Lack of Jurisdiction, Frivolous, Failure to State a Claim, and Insufficient Service of Process. (*Id.*) Plaintiff never opposed Defendant's Motion. The Motion was taken under submission on June 6, 2012.

On July 27, 2012 the Court issued another Order to Show Cause to Plaintiff. (Doc. 15.) The Order requested Plaintiff to file in writing by Monday, August 27, 2012 why an answer had not been filed by Defendant American Traffic Solutions, Inc. ("ATS"). (*Id.*) Plaintiff responded on August 27, 2012 that he had rendered service on ATS and requested a judgment in his favor. (Doc.

16.)

On September 10, 2012 the Court issued an Order holding that the Summons issued was in violation of Federal Rules of Civil Procedure 4(c)(2) because it was signed and served by Plaintiff. (Doc. 17.) The Plaintiff was to re-submit to the Court a new request for summons to be issued. (*Id.*) The Plaintiff has yet to submit a new request for summons.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 4(c) regulates service of a summons. It directs that the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(c) also provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2).

## LAW AND ANALYSIS

Service on the City of New Orleans and ATS was improper under Rule 4(c)(2) and Rule 4(m). *See* Fed. R. Civ. P. 4. Plaintiff himself served the summons to both Defendants which is in direct violation of Rule 4(c). Additionally, Plaintiff has been given multiple opportunities to perfect the

appropriate service over the past year.  Plaintiff has failed at doing so.  Moreover, Plaintiff has failed at providing the Court with good cause for the failure, as required by Rule 4(m).  While this Court is cognizant that the Plaintiff is pro se, this Court finds that the plaintiff has had multiple opportunities to effect proper service on Defendants.  Such failure to procure service fourteen months after the filing of suit, without good cause, is inexcusable.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.  Additionally, the case against ATS is DISMISSED without prejudice for failure to prosecute.  Accordingly, the above captioned matter shall be DISMISSED WITHOUT PREJUDICE.

A judgment shall be entered in accordance with this Order.

New Orleans, Louisiana on January 29th, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**